UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON CHRISTEN, a/k/a MALACHI MACGREGOR-REIGN,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, PAT GLEBE, DEVON SCHRUM, DENNIS DAHNE, SHERI OBENLAND, and JOHN AND JANE 1-10 DOES,<br><br>Defendants. | NO. C10-5250 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND |

Before the Court is Plaintiff's Motion to Amend. ECF No. 52. Plaintiff filed the motion to amend in response to Defendants' motion for summary judgment. ECF No. 49. The motion for summary judgment is pending and is the subject of a separate Report and Recommendation. Defendants object to the amendment. ECF No. 55. Having reviewed the motion, objection and balance of the record, the Court finds that the motion to amend should be denied.

**BACKGROUND**

This 42 U.S.C. § 1983 civil rights action is proceeding on Plaintiff's First Amended Complaint which was filed on July 23, 2010. ECF No. 26. In his First Amended Complaint, Plaintiff alleges that Department of Corrections (DOC) employees improperly refused to file his grievances because he was refusing to sign the grievances according to procedure. ECF

ORDER DENYING MOTION TO AMEND 1

No. 7. Plaintiff claims that Defendants violated his Eighth Amendment rights by ignoring his grievances (and allowing his property to be stolen and subjecting him to inmates with MRSA), imposed a prior restraint on his First Amendment rights of free speech, denied him due process under the Fourteenth Amendment (and failed to protect him from forms of "unlawful retaliation"), and violated his First Amendment right to freedom of religion. *Id.*

In his proposed Second Amended Complaint, Plaintiff seeks to add a claim of retaliation and drop the Department of Corrections and Devon Schrum as defendants. Plaintiff argues that grievances of other offenders that were signed in a manner similar to his were processed while his were not. He offers these grievances, which were provided to him by Defendants in discovery on May 4, 2011, as proof of that retaliation. ECF No. 52; ECF No. 55, Exh. 1 (Declaration of Sara J. Di Vittorio), Attachment A.

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *Deloach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985).

In deciding whether justice requires granting leave to amend, courts are to consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure

deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc*, 885 F.2d 531, 538 (9th Cir. 1989). "[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982). "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986). *See also Equal Employment Opportunity Comm'n v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.), *cert. denied*, 109 S. Ct. 222 (1988) (court denied party right to amend where party had knowledge of allegations before filing suit).

A district court may also consider the fact that there is a pending summary judgment motion. *See Schlacter-Jones v. General Telephone,* 936 F.2d 435, 443 (9th Cir. 1991).

In his response to Defendants' motion for summary judgment, Plaintiff argues that he was subject to retaliation because he signed his grievances the same way that other inmates signed their grievances and Defendants processed the grievances of the other inmates but refused to process his grievances. According to Defendants, they produced the grievances of those other offenders to Plaintiff in response to a discovery request on May 4, 2011. ECF No. 55, Exh. 1 (Di Vittorio Dec.), Attach. A. Plaintiff now offers these grievances as proof of retaliation. ECF No. 52 at 4-6.

Thus, Plaintiff could have moved to amend his complaint based on this information at any time after May 4, 2011. Instead, by waiting until after Defendants filed their motion for

summary judgment, Plaintiff has unduly prejudiced the Defendants' ability to address the merits of this claim. Plaintiff attempts to explain this delay by stating that the issue with his central file was only resolved one month ago. However, he fails to explain the significance of his central file to his claim of retaliation.

Granting Plaintiff's motion to amend will prejudice Defendants as they have already filed their motion for summary judgment. A motion for leave to amend is "not a vehicle to circumvent summary judgment." *Burdett v. Reynoso*, 399 Fed.Appx. 276, 278 (9th Cir. 2010). *See also M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (leave to amend denied where "a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend"); *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 4 (N.D. Cal., 1974) ("liberal amendment policy of the Federal Rules was not intended to allow a party to circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens").

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to amend (ECF No. 52) is **DENIED.**

(2) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 23rd day of January, 2012.

Karen L. Strombom
United States Magistrate Judge