UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON CHRISTEN a/k/a MALACHI MACGREGOR-REIGN,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | CASE NO. C10-5250BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATIONS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 60), and Plaintiff's objections to the R&R (Dkt. 61).

On April 20, 2010, Plaintiff filed his complaint in this action alleging civil rights violations based on Department of Corrections ("DOC") employees' refusal to file his grievances because he refused to sign the grievances according to DOC procedure. Dkt. 4. On February 16, 2012, the Magistrate Judge issued the R&R recommending that Defendants' motion for summary judgment be granted, Plaintiff's Eighth Amendment claim be dismissed without prejudice, and Plaintiff's remaining claims be dismissed with

ORDER - 1

prejudice. *Id*. On March 6, 2012, Plaintiff filed objections to the R&R. Dkt. 61. However, Plaintiff's objections restate the same arguments he makes in his responses to Defendants' motion for summary judgment and goes on to state that he "reserve[s] all right, and object[s] entirely" to the R&R and that he will "object generally--on principle." The Court concludes that Plaintiff has not effectively objected to the R&R. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) (stating that a general objection to the entirety of a magistrate's report, without specifying a single issue of contention, "has the same effects as would a failure to object").

Moreover, even if the Court were to consider Plaintiff's restatement of his arguments as objections, the Court would adopt the R&R. Plaintiff has failed to show how the Magistrate Judge erred in concluding the following: (1) that his Eighth Amendment claims based on the merits of his grievances should be dismissed without prejudice for failure to exhaust (Dkt. 60 at 10-14); (2) that his grievances were not denied based on their content and that he failed to comply with the DOC procedural process for filing grievances (*id*. at 14-15); (3) that he has failed to provide any evidence that his religion requires him to sign documents in a certain way, and, regardless, that he has failed to refute Defendants' showing that the DOC procedure regarding the signing of documents was reasonably related to a legitimate penological interest (*id*. at 16-20); (4) that his refusal to comply with the DOC procedural grievance process does not amount to a Fourteenth Amendment procedural due process claim (*id*. at 20-22); and (5) his federal claims against the DOC are barred under the Eleventh Amendment (*id*. at 22-23).

Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plaintiff's Eighth Amendment claims are **DISMISSED without prejudice** for failure to exhaust his administrative remedies; and

(3) Plaintiff's remaining claims are **DIMISSED with prejudice**.

Dated this 27th day of March, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge